| | |
|---|---|
| 1  KATHERINE JOHNSON (CA SBN 259854) | |
|    JOHN B. ACIERNO III (CA SBN 257176) | |
| 2  PITE DUNCAN, LLP | |
|    4375 Jutland Drive, Suite 200 | |
| 3  P.O. Box 17933 | |
|    San Diego, CA 92177-0933 | |
| 4  Telephone: (858) 750-7600 | |
|    Facsimile: (619) 590-1385 | |

Attorneys for WELLS FARGO BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.09-59673-MM |
| LOIS CHRISTINE JOHANSSON, | Chapter 7 |
| Debtor(s). | R.S. No. KLJ-767 |
| | MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001) |
| | DATE:    January 6, 2010<br>TIME:    2:00am<br>CTRM:   3070 |
| | 280 S 1st St. #268<br>San Jose, CA 95113-3004 |

Wells Fargo Bank, N.A. ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 19700 N 76th Street 2037, Scottsdale, Arizona 85255.

On or about November 5, 2009, Lois Christine Johansson ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Carol Wu was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

Movant moves this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

/././

Case: 09-59673    Doc# 12    Filed: 12/15/09    Entered: 12/15/09 11:00:15    Page 1 of 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).

## NO EQUITY

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In <u>In re San Clemente Estates</u>, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

<u>Id.</u> at 610 (emphasis added).

In <u>In re Mikole Developers, Inc.</u>, 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about September 24, 2007, Lois Christine Johansson ("Debtor"), for valuable consideration, made, executed and delivered to Wells Fargo Bank, N.A. ("Lender") a Note in the principal sum of $304,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing November 1, 2007, and continuing until October 1, 2037, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A true and correct copy of the Note is attached to the Declaration

1. in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

2. On or about September 24, 2007, the Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 19700 N 76th Street 2037, Scottsdale, Arizona 85255 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on September 28, 2007, in the Official Records of Maricopa County, State of Arizona. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit B and incorporated herein by reference.

3. Movant currently owns the Note and is entitled to enforce the provisions of the Note and Deed of Trust.

4. The obligation under the Note is in default as of May 1, 2009, for failure to make payments to Movant. As of November 25, 2009, the total obligation due and owing under the Note is in the approximate amount of $313,453.69, representing the principal balance of $298,571.57, interest in the sum of $12,112.43, late charges in the amount of $561.54, and a recoverable balance in the amount of $2,208.15. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $15,629.37, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. A true and correct copy of the contractual payment accounting pursuant to Local Rule 4001-1(g)(1) is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

/././

## II.

## RELIEF FROM STAY

## LACK OF EQUITY

Movant is informed and believes that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is $225,000.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit D and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $225,000.00 |
| Less: | |
|    Movant's Trust Deed | $313,453.69 |
|    Bank of America's 2nd Mortgage | $89,000.00 |
|    Maricopa County Treasurer's Property Taxes | $3,224.51 |
|    Grayhawk HOA | $1,727.44 |
|    Grayhawk Community Assn. | $472.00 |
|    Costs of Sale (8%) | $18,000.00 |
| Equity in the Property: | <$200,877.64> |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

Debtor's Statement of Intent indicates it is the intent of the Debtor to surrender the Real Property in full satisfaction of Movant's secured claim. A true and correct copy of the Debtor's Statement of Intent is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit E and incorporated herein by reference.

## III.

## MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).

## CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 U.S.C. §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

/././

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C. § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Deed of Trust, including any action necessary to obtain possession of the Property;

4. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

5. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the filing of this motion;

/././

| | |
|---|---|
| 1 | 6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion |
| 2 | be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy |
| 3 | law; and |
| 4 | 7. For such other and further relief as the court deems just and proper. |

Dated: December 15, 2009            PITE DUNCAN, LLP

/s/ KATHERINE JOHNSON  (CA SBN 259854)
Attorneys for WELLS FARGO BANK, N.A.